UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61203-CIV-ALTMAN/Hunt

**NATHALIE DOUZABLE**,

    Plaintiff,

v.

**NEWREZ, LLC**,

    Defendant.

_____/

## ORDER

**THIS MATTER** comes before the Court upon the Defendant's Rule 12(b)(6) Motion to Dismiss the Plaintiff's Complaint ("Motion") [ECF No. 10].[1] The Court has carefully considered the parties' briefing, the record, and the applicable law. For the following reasons, the Defendant's Motion is **DENIED**.

## THE LAW

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable

---

[1] The Plaintiff filed a Response on July 1, 2019 [ECF No. 14]. The Defendant did not file a Reply.

1

inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and must accept the plaintiff's factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)). Unsupported factual allegations and legal conclusions, however, receive no such deference. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). In considering the Defendant's motion to dismiss, the Court is required to interpret the *pro se* complaint liberally. *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

Generally speaking, a court may not consider materials outside "the four corners of the complaint" when ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). There is, however, one exception to this general rule: "In ruling upon a motion to dismiss [under Rule 12(b)(6)], the district court may consider an extrinsic document if it is: (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd.*, 600 F.3d at 1337 (citations omitted).

The parties do not appear to dispute the authenticity of the following documents, which are attached to the Plaintiff's Complaint: (1) a November 15, 2018 letter from NewRez, LLC to the Plaintiff ("Exhibit A") [ECF No. 1-1]; (2) the Plaintiff's November 2018 Mortgage Statement

("Exhibit B") [ECF No. 1-2]; (3) an August 29, 2018 letter of cancellation from Ygrene Energy Fund to the Plaintiff ("Exhibit C") [ECF No. 1-3]; (4) the Plaintiff's January 2019 Mortgage Statement ("Exhibit D") [ECF No. 1-4]; and (5) the Plaintiff's February 2019 Mortgage Statement ("Exhibit E") [ECF No. 1-5]. The Defendant also filed a sixth document on the docket: a "Consumer Financial Protection Bureau Sample Form H-30(B) – Sample Form of Periodic Statement with Delinquency Box" ("CFPB Model Form") [ECF No. 11-1].[2] Because these documents are, in fact, "central to the Plaintiff's claims," *SFM Holdings, Ltd.*, 600 F. 3d at 1337, the Court will consider them in the context of adjudicating the Defendant's Motion.

## THE FACTS

The Plaintiff, Nathalie Douzable, owns a piece of real property in Davie, Florida, where she received, in the mail, several "mortgage statements" from the Defendant, NewRez, LLC d/b/a New Penn Financial ("NewRez"). Pl. Compl. [ECF No. 1] at ¶¶ 17-29. The Plaintiff contends that NewRez is a debt collector within the meaning of 15 U.S.C. § 1692(a)(6), and that it regularly uses the mail to collect debts. *Id.* ¶¶ 9-10. The Plaintiff says that, on November 15, 2018, NewRez notified her that it had been selected by the Plaintiff's mortgage lender to service the mortgage on her Davie property. *Id.* ¶ 18; *see also* Exhibit A. The monthly mortgage statements the Plaintiff received in November 2018—and again in December 2018, January 2019, and February 2019—reflected an increase of $820.97 in the monthly sum the Plaintiff owed. *Id.* ¶¶ 19-29. According to the Plaintiff, this discrepancy was "attributable to an agreement entered into between Plaintiff and Ygrene Energy Fund for certain improvements to the Subject Property." *Id.* ¶ 22. But the Plaintiff

---

[2] Since this document is publicly available on the CFPB's website, the Court may take judicial notice of its contents. *See Chapman v. Abbott Labs.*, 930 F. Supp. 2d 1321, 1323 (M.D. Fla. 2013) (citing FED. R. EVID. 201(b)(2) for the proposition that a court may take judicial notice of documents when they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

3

insists that it finalized no such agreement with Ygrene Energy[3]—a non-party to this lawsuit—and that NewRez's mortgage statements, which reflected an increase in the amount owed as "Escrow (Taxes and Insurance)," were "in-fact incorrect" and "improperly . . . sought." *Id.* ¶¶ 23-25. These four mortgage statements, the Complaint avers, constituted an illegal attempt to collect on a debt. *Id.* ¶¶ 28-29.

The Complaint makes three claims, all of which the Defendant moves to dismiss: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e[4] (Count I); (2) violation of § 1692f of the FDCPA[5] (Count II); and (3) violation of the Florida Consumer Collection Protection Act ("FCCPA"), § 559.72(9) (Count III).[6] Because the FCCPA is a Florida law "analogue to the federal FDCPA," claims under the two statutes are treated the same. *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836 (11th Cir. 2010); *see also Lilly v. Bayview Loan Servicing, LLC*, No. 217CV345FTM99MRM, 2017 WL 4410040, at *2 (M.D. Fla. Oct. 4, 2017) ("The FCCPA is construed in accordance with the FDCPA."). Tellingly, the text of the FCCPA also provides that "great weight shall be given to the interpretations of the . . . federal courts relating to the [FDCPA]." *See* Fla. Stat. § 559.77(5).

## ANALYSIS

To state a claim under the FDCPA, a plaintiff must allege "(1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). NewRez does not dispute its legal

---

[3] The Plaintiff says this agreement was ultimately canceled. *Id.* ¶ 23; *see also* Exhibit C.
[4] Section 1692e generally prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.
[5] Section 1692f precludes debt collectors from employing unfair or unconscionable means to collect, or attempt to collect, any debt.
[6] Section 559.72(9) prohibits debt collectors from claiming, attempting, or threatening to enforce a debt when the debt collector knows that the debt is not legitimate.

status as a debt collector. Instead, it contends that the FDCPA does not proscribe the kind of monthly mortgage statements it sent the Plaintiff.

A mortgage servicer does not violate the FDCPA every time it issues a monthly mortgage statement to a borrower. In fact, not only are service providers *required* to give borrowers certain information,[7] but the Consumer Financial Protection Bureau ("CFPB") has issued a "Model Form"—a copy of which the Defendant has filed with the Court—that sets out precisely what is permitted on monthly mortgage statements. *See* CFPB Model Form [ECF No. 11-1]. For this reason, "a servicer acting as a debt collector [will] not be liable under the FDCPA for complying with [the Truth in Lending Act's ("TILA") monthly mortgage statement] requirements." *See Jones v. Select Portfolio Servicing, Inc.*, No. 1:18-CV-20389-UU, 2018 WL 2316636, at *3 (S.D. Fla. May 2, 2018) (citing the CFPB bulletin). As such, "[c]ourts in this circuit have followed the CFPB [Model Form] in the context of monthly mortgage statements by holding that if the monthly mortgage statements were sent pursuant to TILA, they do not constitute a 'communication in connection with the collection of a debt' under the FDCPA." *Jones*, 2018 WL 2316636 at *3 (S.D. Fla. May 2, 2018) (citing *Brown v. Select Portfolio Servicing, Inc.*, No. 16-62999-CIV, 2017 WL 1157253 (S.D. Fla. Mar. 24, 2017)). Indeed, "minor discrepancies" from the CFPB Model Form do not convert an otherwise compliant monthly mortgage statement into a prohibited debt collection communication. *Id.* at *4.

But, as the Eleventh Circuit has noted, a "communication can have more than one purpose" and may provide information to a debtor on the one hand and set out to collect a debt on the other. *Pinson v. Albertelli Law Partners LLC*, 618 F. App'x 551, 553 (11th Cir. 2015). As such, a mortgage servicer's superficial compliance with the TILA—e.g. the issuance of a monthly

---

[7] *See* Regulation Z of the TILA, 12 C.F.R. § 1026.41.

5

mortgage statement that only appears similar to the CFPB Model Form—does not automatically absolve a defendant, like NewRez, from liability if the mortgage statement also contains language that is "not required by the TILA[, but] that could be construed as debt collection language." *Jones*, 2018 WL 2316636 at *3 (quotations omitted). In short, the salient question here is whether the language in NewRez's mortgage statements strayed too far from the CFPB's Model Form. *See id.* at *3 ("Courts determine whether a communication amounts to 'debt collection language' by scrutinizing and evaluating the language employed by the servicer.").

The Plaintiff points to a number of issues with the mortgage statements she received (Exhibits B, D & E)—which, she says, rendered those statements illegal debt collection communications (rather than permissible monthly statements). To list a few examples: the statements (1) claimed to collect on a debt; (2) demanded payment "implicitly and explicitly"; (3) "discuss[ed]" additional fees if payment was not tendered; (4) included an amount due as well as a payment due date; (5) contained both a payment coupon with payment instructions and a "delinquency notice"; and (6) included, in bold, ominous phrases like "Amount Due," "Next Due Date," "late fees may be assessed," and "billing statement." MTD Resp. at 6-7.

But the CFPB Model Form contains almost identical phrasing. Unsurprisingly, then, courts in this District have routinely rejected FDCPA claims that turn on the language the Plaintiff has complained of here. *See Jones*, 2018 WL 2316636 at *3 ("The amount due, payment due date, and delinquency information are specifically required by the TILA," and "the model form also contains an 'Important Messages' section . . . a detachable [payment coupon]," and warnings regarding late fees); *Zavala v. Select Portfolio Servicing Inc.*, No. 18-CV-61651, 2018 WL 6198685, at *3 (S.D. Fla. Nov. 28, 2018) (noting that "[t]he model form contains all of the same sections that Plaintiffs point to in their response" and that language including "[t]his is an attempt to collect a debt" is a

6

minor discrepancy from a document that is otherwise a near carbon-copy of the Model Form); *Brown v. Select Portfolio Servicing, Inc.*, No. 16-62999-CIV, 2017 WL 1157253 (S.D. Fla. Mar. 24, 2017) (finding that monthly mortgage statement sent to the plaintiff pursuant to TILA Regulation Z was not debt collection activity).[8] Accordingly, to the extent the Plaintiff relies on the language of the mortgage statements she received, her FDCPA and FCCPA claims are **DISMISSED**.

That said, there is one remaining issue—admittedly not briefed by either party. The Complaint alleges that the amount NewRez demanded in the mortgage statements she received rose by $820.97 as a result of an "improper" billing practice. Pl. Compl. ¶¶ 20-29. Specifically, the Plaintiff contends that her mortgage payments rose because of an unfinalized agreement with a third-party energy vendor (Ygrene Energy). *Id.* In fact, although she claims to have notified NewRez about this discrepancy, the billed amount apparently did not change. *Id.*

Section 1692e of the FDCPA prohibits debt collectors from making "false, deceptive, or misleading representation[s]" regarding the "character, amount, or legal status of any debt" and proscribes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." Section 1692f of the FDCPA likewise prohibits the use of "unfair or unconscionable

---

[8] There is, to be sure, some disagreement as to how far is "too far" in the FDCPA context. As the Plaintiff points out, some courts in this Circuit have found that the kinds of phraseology at issue here might convert a seemingly-compliant mortgage statement into a debt-collection communication that violates the FDCPA. *See, e.g.*, *Lear v. Select Portfolio Servicing, Inc.*, No. 17-62206-CIV, 2018 WL 1960108, at *3 (S.D. Fla. Apr. 25, 2018) (holding that language such as "this is an attempt to collect a debt" went beyond the minimum required by the TILA and could therefore be considered an FDCPA debt-collection communication); *see also Kelliher v. Target Nat'l Bank*, 826 F. Supp. 2d 1324, 1328-29 (M.D. Fla. 2011) (increasingly strong debt-payment language converted mortgage statement into FDCPA debt-collection communication). But the Eleventh Circuit has distinguished *Kelliher* from permissible mortgage statements that substantially mimic the CFPB's Model Form. *See Green v. Specialized Loan Servicing LLC*, 766 F. App'x 777 (11th Cir. 2019) ("*Kelliher* stands for the unremarkable principle that a monthly statement that is in conformity with TILA may nevertheless include additional language that constitutes debt collection."). *Id.* at 785. And the "strong demands for payment" that appeared in the *Kelliher* mortgage statements are simply not present here.

means" to collect on any debt, unless the amount of the debt is "expressly authorized by the agreement creating the debt or permitted by law." In addition, § 559.72(9), Florida Statutes, prohibits a debt collector from "attempt[ing] . . . to enforce a debt when such person knows that the debt is not legitimate . . . ."

Put another way, if the "amount" of the debt NewRez sought was indeed *incorrect*—because of the additional monthly fee or otherwise—then the Plaintiff's allegations plainly support a finding that NewRez violated both the FDCPA and the FCCPA. *See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 59 (D. Mass. 2012) ("Stating an incorrect amount of the debt undeniably violates section 1692e [the FDCPA].") (citing *Hepsen v. Resurgent Capital Services, LP*, 383 F. App'x. 877, 880-81 (11th Cir. 2010)); *see also Sandlin v. Shapiro & Fishman*, 919 F. Supp. 1564, 1568 (M.D. Fla. 1996) (holding that an attempt to collect on an unauthorized additional fee constitutes a violation of section 1692f(1)).[9]

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that NewRez's Motion to Dismiss [ECF No. 10] is **DENIED**.

---

[9] The Defendant cites *Brown* for the proposition that the FDCPA includes some kind of carve-out for incorrect "amounts due" contained within monthly *mortgage* statements. MTD at 5-6. But *Brown*'s holding—that nothing in the FDCPA proscribes a mortgage statement that does not contain impermissible "debt collection language"—finds no support in the statute's text. Unsurprisingly, then, the majority of courts that have addressed this issue have disagreed with *Brown*'s reasoning. *See, e.g.*, *Manrique v. Wells Fargo Bank N.A.,* 116 F. Supp. 3d 1320, 1325 (S.D. Fla. 2015) (allegedly invalid property inspection fees contained within the "amount due" portion of a mortgage statement is sufficient to state a cause of action under FDCPA); *Cooke v. Carrington Mortg. Servs.*, No. CV TDC-18-0205, 2018 WL 6323116, at *4 (D. Md. Dec. 3, 2018) (overcharges on monthly mortgage statement constituted viable FDCPA claim); *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 587 (D.N.J. 2016) (monthly mortgage statements with erroneous information regarding the amount due are actionable under the FDCPA).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of October 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record